**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:08CV-00015-JHM**

**MATTHEW M. JACKSON**                                                      **PETITIONER**

**VS.**

**TOMMY MILLS, Warden**
**and JACK CONWAY, Attorney**
**General for the Commonwealth**
**of Kentucky**                                                                                      **RESPONDENT**

FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION

BACKGROUND

Petitioner, Matthew M. Jackson ("Jackson"), proceeding *pro se,* has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (DN 1). The district court referred this matter to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) (DN 8).

Respondents, Tommy Mills ("Mills") and Jack Conway ("Conway"), have moved to dismiss the petition, without prejudice, because Jackson is still attempting to exhaust available State remedies (DN 10, 11). In his response, Jackson concedes he has a Ky.R.Civ.P. 60.02 motion pending before the State trial court (DN 13).

After reviewing the memoranda and the § 2254 petition, the undersigned directed the parties to "submit supplemental memoranda addressing the following issues: (1) whether the sole

claim raised in Jackson's petition is cognizable in federal habeas corpus proceedings in light of 28 U.S.C. § 2254(a) and Kirby v. Dutton, 794 F.2d 245, 246-248 (6th Cir. 1986); and (2) whether there is an absence of an available State corrective process in light of the trial court's dismissal of Jackson's Rule 11.42 motion. See 28 U.S.C. § 2254(b)(1)(B)(I); Gross v. Commonwealth, 648 S.W.2d 853, 855-857 (Ky. 1983) (explaining the differences between motions under Ky.R.Crim.P. 11.42 and Ky.R.Civ.P. 60.02)" (DN 15). The parties have now submitted their supplemental memoranda (DN 16, 17). The issues being fully developed, this matter is ripe for determination.

## CONCLUSIONS OF LAW

The only claim raised in Jackson's §2254 petition is whether the State trial court's dismissal of his Ky.R.Crim.P. 11.42 motion violated his equal protection rights under the Fourteenth Amendment of the United States Constitution (DN 1 at Page 6). However, a petition for writ of habeas corpus is not used to challenge errors or deficiencies in State post-conviction proceedings because such claims are collateral to whether Jackson "is in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a); Kirby v. Dutton, 794 F.2d 245, 246-248 (6th Cir. 1986). In sum, the sole claim in the § 2254 petition is not cognizable in federal habeas corpus proceedings. Kirby, 794 F.2d at 246-248.

A two-prong test is used to determine whether a Certificate of Appealability should issue on a habeas claim denied on a procedural ground. Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). To satisfy the first prong Jackson must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a Constitutional right." Id. at 484. To satisfy the second prong, he must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Notably, the Court need not conduct this

two-prong inquiry in the order identified or even address both parts if Jackson makes an insufficient showing on one part. Id. at 485.

For the reasons set forth above, the undersigned is confident that jurists of reason would not find it debatable whether the sole claim in the § 2254 petition is cognizable in federal habeas corpus proceedings. Id. at 484-485. Thus, the undersigned does not recommend issuance of a Certificate of Appealability as to the sole claim asserted in Jackson's petition.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Jackson's petition for writ of habeas corpus be DISMISSED without prejudice and that a Certificate of Appealability be DENIED as to his petition.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and

recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).

Copies:     Petitioner, *pro se*
            Counsel of Record